**STATE of Minnesota, Plaintiff,**

v.

**Andrew Costilla GONZALES, Defendant.**

No. C8-91-1991.

Court of Appeals of Minnesota.

April 14, 1992.

Review Denied June 10, 1992.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., Jane A. McPeak, St. Paul City Atty., Peter W. Warner, Asst. City Atty., Darrell C. Hill, Asst. Ramsey County Atty., St. Paul, for plaintiff.

Stephen W. Cooper, Cooper and Orth, St. Paul, for defendant.

Considered and decided by FORSBERG, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

KLAPHAKE, Judge.

St. Paul Ordinance 279 (1990), requires the forfeiture of motor vehicles driven by the customers of prostitutes. The trial court found the ordinance valid and constitutional, but certified as important and doubtful the following question:

Is Section 279 of the St. Paul Legislative Code constitutional?

We answer the certified question in the negative.

## FACTS

Defendant Andrew Gonzales was arrested in February 1991 during a St. Paul vice unit prostitution sting operation. Gonzales' truck was seized under the forfeiture ordinance. Police then searched the truck for the sole purpose of inventorying its contents subject to the forfeiture ordinance. Police discovered cocaine and a pistol in the truck and Gonzales was charged with fifth degree controlled substance offense and possession of a pistol without a permit, in addition to the misdemeanor prostitution offense.

Gonzales moved to suppress the handgun and the cocaine on two grounds: 1) that the forfeiture ordinance was void; and 2) that the search was not a valid inventory search. The trial court rejected these arguments, including a number of challenges to the ordinance, and later certified the question of the validity and constitutionality of the ordinance.

## ISSUE

Is Section 279 of the St. Paul Legislative Code constitutional?

## ANALYSIS

Gonzales argues that the subject of forfeitures is preempted by state law. We agree.

■ Preemption is a constitutional issue. *See Mangold Midwest Co. v. Village of Richfield,* 274 Minn. 347, 356–57, 143 N.W.2d 813, 819–20 (1966) (preemption doctrine applied in "drawing line between" federal and state powers, state and municipality powers). The supreme court has cited with approval the following description of three areas in which preemption will be found:

(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2)

the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality.

*Id.* at 357, 143 N.W.2d at 819–20 (citation omitted). In determining whether the legislature has preempted an area, the court in *Mangold* set out the following analysis:

(1) What is the "subject matter" which is to be regulated? (2) Has the subject matter been so fully covered by state law as to have become solely a matter of state concern? (3) Has the legislature in partially regulating the subject matter indicated that it is a matter solely of state concern? (4) Is the subject matter itself of such a nature that local regulation would have unreasonably adverse effects upon the general populace of the state?

*Id.* at 358, 143 N.W.2d at 820.

■■■■ The subject matter involved cannot be defined so selectively that it is impossible for the state to fully regulate the field. The trial court, and the state on appeal, define the subject matter as forfeitures arising from prostitution convictions. Because the legislature has provided forfeitures for some but not for all prostitution offenses, the state asserts, the subject matter has not been preempted. We disagree. The legislature must have the power to exercise its judgment and exclude some offenses from the statute without leaving them open to municipal enactment. The subject matter to be regulated here is the forfeiture of property used in, or associated with, criminal offenses.

■■ The legislature has thoroughly considered the subject of forfeiture, including the forfeiture of "conveyances," and has limited forfeiture to certain offenses. Minn.Stat. § 609.531 (1990). Minn.Stat. § 609.531 concerns the forfeiture of contraband, weapons and all forms of property,

as well as motor vehicles. Minn.Stat. § 609.531, subd. 1(a)–(d). The statute involves forfeitures for a wide variety of criminal offenses, including murder, promotion of prostitution, bribery, and receiving stolen property. Minn.Stat. § 609.531, subd. 1(f)(2). We believe the broad regulation of forfeiture for criminal offenses shows that the area is "solely a matter of state concern." *See Mangold Midwest*, 274 Minn. at 358, 143 N.W.2d at 820. We agree with Gonzales that this listing is so comprehensive as to indicate a legislative intention to preempt the field.

In addition, we believe municipal forfeiture of motor vehicles would have an unreasonably adverse effect upon the general population. *See id.* Forfeitures of motor vehicles, for misdemeanor offenses varying from jurisdiction to jurisdiction, imposes uncertainty and confusion. Gonzales argues that municipalities could enact motor vehicle forfeiture provisions for traffic offenses, including first-time DWI. *But see* Minn.Stat. § 169.022 (1990) (traffic regulations are to be uniform throughout the state). Even if traffic offenses are excluded, however, the number of misdemeanor offenses which could involve a motor vehicle is too great to allow a proliferation of local forfeiture ordinances. *Cf. Village of Brooklyn Center v. Rippen*, 255 Minn. 334, 338, 96 N.W.2d 585, 588 (1959) (noting the absurdity of local boat licensing, requiring a boat owner to obtain a license in each municipality). Under a municipal forfeiture system, motor vehicle owners could risk their vehicles for a different offense in each municipality. The forfeiture of property involved in criminal offenses has been covered by general state law, and the adverse effect of a local ordinance upon transient citizens outweighs the benefit to the City of St. Paul. *See Mangold Midwest*, 274 Minn. at 357, 143 N.W.2d at 820. Thus, we conclude the legislature has preempted the area of forfeiture for criminal offenses.

Because we conclude the forfeiture ordinance is preempted by state law, we need not reach the other statutory and constitu-

tional issues raised in the certified question.

## DECISION

St. Paul Ordinance 279 covers a subject preempted by state law. It is not a valid enactment.

Certified question answered in the negative.